**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| PHILIP WESLEY LAZARUS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Deputy SCOTT HILL, *et al.*, | : | NO. 3:14-CV-21-CAR-CHW |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **PHILIP WESLEY LAZARUS**, an inmate at Wilcox State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and an amended complaint (Doc. 13). In compliance with the Court's prior Orders, Plaintiff has paid an initial partial filing fee of $5.80. He is obligated to pay the unpaid balance of $344.20, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the Business Manager at Plaintiff's place of incarceration.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not

include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any

portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  PENDING MOTION

Plaintiff has submitted a motion to exceed a perceived page limit, presumably in his amended complaint (Doc. 12). Said motion is **GRANTED** and the allegations contained in his amended complaint are addressed below.

## III.  BACKGROUND

Plaintiff's claims arise out of an alleged use of excessive force on October 23, 2013, during his prior confinement at the Walton County Jail ("WCJ"). He alleges that Officers Duckett and Scott Hill attacked him as he returned to his cell following its search. According to Plaintiff, Duckett and Hill grabbed him, slammed him down on the concrete floor, handcuffed him behind his back, and shoved, pushed, and dragged him across the floor by his elbows. Plaintiff states that he was in pain, due in part to recent shoulder surgery, and that Duckett and Hill left him with his hands cuffed behind his back for several hours, all the time denying Plaintiff medical care. Blood was allegedly found in Plaintiff's urine a week later, which he attributes to the use of force by these Defendants.

The two unnamed Task Force Officers did not participate in the use of force against Plaintiff. He alleges, however, that these Officers watched Duckett and Hill, yet failed to intervene.

In addition to the above Defendants, Plaintiff sues the Walton County Sheriff. As to this Defendant, Plaintiff alleges, "Surely the Sheriff is aware that such acts occurred [], if he/or she didn't then, they know it now," because Plaintiff filed grievances "br[inging] this matter to the Sheriff's attention."

Finally, Plaintiff names the Walton County Jail as a Defendant.[1]

## IV.   DISCUSSION

### A.   Walton County Jail

A jail is not an entity capable of being sued under section 1983.  *See e.g., Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008); *Allen v. Brown*, No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").  It is thus **RECOMMENDED** that any claims against the WCJ be **DISMISSED**.

Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.  *See* 28 U.S.C. § 636(b)(1).

### B.   Walton County Sheriff

Plaintiff does not allege that the Walton County Sheriff (whose gender Plaintiff does not know), participated in or even knew about the alleged incidents of excessive force and denial of medical care until after they occurred. Nor does Plaintiff allege that the other individual Defendants acted according to a policy instituted by the Sheriff.  Even liberally construing Plaintiff's allegations in his favor, he accordingly has failed to state a claim against the Walton County Sheriff.  *See e.g., Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999)

---

[1]  In addition to the above listed Defendants, Plaintiff seeks damages from a number of additional entities not named as defendants, *e.g.*, "(Walton County) Board of Directors,"  "Board of Commissioners," "Board of Coun[ci]lmen,"  "County Committee Board,"  the Walton County Sheriff's Department, "or whosoever is in charge, supervises, governs, and/or over-sees."    The Court will not presume that Plaintiff wishes to sue parties not named as Defendants in the caption of his complaint.   Even if the Court did, however, either the above entities are not proper defendants in a section 1983 action or Plaintiff patently has failed to state a claim against them.

("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."); *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004). ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

Based on the foregoing, it is also **RECOMMENDED** that the Walton County Sheriff be **DISMISSED** as a Defendant herein.  Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.  *See* 28 U.S.C. § 636(b)(1).

### C.  *Officers Duckett and Hill and Unnamed Task Force Officers*

Liberally construing Plaintiff's complaint, the Court concludes that Plaintiff has alleged colorable claims of excessive force against Duckett, Hill, and the unnamed Task Force Officers, and of denial of medical care against Duckett and Hill.   The Court will therefore allow this action to go forward against these Defendants and hereby **ORDERS** service on Duckett and Hill.2   Said Defendants shall file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

---

2     Although the Clerk's Office included three John and/or Jane Doe Defendants, it appears from the body of Plaintiff's amended complaint that he only wishes to sue two John Does.    Whether Plaintiff wishes to sue two or three Doe Defendants, to maintain this action against them, he must ultimately ascertain their identity through discovery.    *See Bowens v. Superintendent of Miami South Beach Police Dept*, __ F. App'x __, 2014 WL 631146 (11th Cir. Feb. 19, 2014) (unpublished); *Moulds v. Bullard*, 345 F. App'x 387 (11th Cir. Aug. 17, 2009) (unpublished); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.1992). The Court **cannot** order service on these Defendants until Plaintiff identifies them.

## **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party,

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED and RECOMMENDED**, this 8th day of July, 2014.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge