IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **PHILIP WESLEY LAZARUS,** | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 3:14-CV-21 (CAR) |
| **Deputy SCOTT HILL,** *et al.*, | : | |
| Defendants. | : | |

## ORDER ON RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge to dismiss Plaintiff Philip Wesley Lazarus's claims against the Walton County Jail and Walton County Sheriff pursuant to 28 U.S.C. § 1915A. Plaintiff filed an Objection to the Recommendation. Accordingly, the Court has reviewed the Recommendation and Plaintiff's Objection pursuant to 28 U.S.C. § 636(b)(1). After careful consideration, the Court agrees with the findings and conclusions of the United States Magistrate Judge.

In his Objection, Plaintiff alleges for the first time that the Walton County Sheriff refused to "correct" or dismiss an unnamed officer who had a "history of violence toward prisoners at the Walton County Jail."[1] Although entirely unclear, the Court presumes Plaintiff is referring to an officer involved in the alleged use of excessive force on October 23, 2013, that forms the basis for the instant action. Plaintiff

---
[1] Objection, p. 3 [Doc. 17].

also cites "identical assaults" of inmates at Macon State Prison in further support of the Sheriff's supervisory liability.[2]

In *Newsome v. Chatham County Detention Center*, the Eleventh Circuit held that a district court must treat new factual allegations in an objection to a magistrate's judge's recommendation as a motion to amend the complaint to include additional allegations.[3]  If the underlying facts or circumstances relied on by the plaintiff may be a proper subject of relief, leave to amend "should be freely given."[4]  However, "a district court may properly deny leave to amend under Rule 15(a) is such amendment 'would be futile.'"[5]  Accordingly, the Court hereby construes Plaintiff's Objection as a Motion to Amend Complaint but **DENIES** the Motion to Amend as futile.  Even with these new allegations, Plaintiff fails to allege a sufficient causal connection between the Walton County Sheriff's actions and the October 23rd incident.

A supervisor may only be liable for the unconstitutional acts of their subordinates if he "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."[6]  "Supervisors are generally entitled to rely on their subordinates to respond

---

[2] *Id.*
[3] 256 Fed. App'x 342, 344 (11th Cir. 2007).
[4] *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004); *see also* Fed. R. Civ. P. 15(a)(2).
[5] *Stringer v. Jackson*, 392 Fed. App'x 759, 760 (11th Cir. 2010) (quoting *Hall*, 367 F.3d at 1262-63).
[6] *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

appropriately to situations absent clear or widespread evidence to the contrary."[7] The standard by which a supervisor may be held liable for the actions of subordinates is "extremely rigorous."[8]

In this case, Plaintiff fails to allege sufficient facts to demonstrate the Walton County Sheriff was on notice of a potential problem and failed to act.[9] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."[10] Here, Plaintiff does not identify any prior instances of officer misconduct; instead, he summarily states that the Sheriff "knew" one unnamed officer had an unspecified "history of violence toward prisoners at the Walton County Jail."[11] The Court cannot draw the reasonable inference that the Sheriff knew the officers in the instant case would act unlawfully based on these bare, conclusory allegations. Moreover, any similar incidents at a different facility in a different county would not place the Walton County Sheriff on notice of any widespread abuse at the Walton County Jail. Thus, the Walton County Sheriff is due to be dismissed from this action.

The Recommendation [Doc. 14] is therefore **ADOPTED** and **MADE THE**

---

[7] *King v. Henry*, No. 5:09cv365/MCR/EMT, 2011 WL 5877070, at *10 (N.D. Fla. Sept. 19, 2011).
[8] *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).
[9] *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *see McIver v. Humphrey*, No. 5:12-CV-156 (MTT), 2013 WL 396285, at *3-4 (M.D. Ga. Jan. 4, 2013). *Cf. Williams v. Santana*, 340 F. App'x 614, 618 (11th Cir. 2009) (eight specific claims of violence or deprivation of constitutional rights lodged against subordinate during relevant period were sufficient to put supervisor on notice of subordinate's misconduct).
[10] *Hartley*, 193 F.3d at 1269.
[11] Objection, p. 3 [Doc. 17].

**ORDER OF THE COURT**.  The Walton County Jail and Walton County Sheriff are **DISMISSED** as Defendants to the instant case.  Plaintiff's claims against Defendants Duckett, Hill, and unnamed Task Force Officers will proceed as ordered by the Magistrate Judge.

    **SO ORDERED,** this 29th day of August, 2014.

                                              <u>S/ C. Ashley Royal</u>
                                              C. ASHLEY ROYAL, JUDGE
                                              UNITED STATES DISTRICT COURT

BBP